DLD-098                                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1150
_____

UNITED STATES OF AMERICA

v.

DINO PAOLUCCI,
          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-16-cr-00503-001)
District Judge: Honorable Michael M. Baylson
_____

Submitted on Appellee's Motion for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 4, 2024

Before: JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed: April 15, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Dino Paolucci, proceeding pro se, appeals the District Court's denial of his motion for sentencing modification. The Government has timely moved for summary affirmance. For the reasons stated herein, we will summarily affirm the District Court's denial of Paolucci's motion.

Paolucci pleaded guilty to four counts of securities fraud in connection to his actions as a leading figure in an elaborate "pump and dump" operation. Through false and misleading marketing campaigns, Paolucci and his confederates artificially inflated the stock prices of companies in which they owned shares and then sold those overvalued shares to their victims, who lost millions of dollars as a result. Twenty-two other charges of wire fraud and securities fraud were dropped as part of Paolucci's plea agreement. He was sentenced to 84 months in prison.

In his motion, Paolucci argued that sentencing modification was appropriate under 18 U.S.C. § 3582(c)(1)(A) in light of the existence of COVID-19, his First Step Act time credits, and the 18 U.S.C. § 3553(a) factors. **DCT Dkt. 74** He also argued that a modification was warranted under 18 U.S.C. § 3582(c)(2) in light of his status as a "Zero Point Offender" and the 2023 Criminal History Amendments of the U.S. Sentencing Guidelines. The District Court denied Paolucci's motion, **DCT Dkt. 77** and he timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of

discretion a district court's denial of a motion for sentencing modification. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). We may summarily affirm a district court's judgment if the appellant fails to present a substantial question. See 3d Cir. L.A.R. 27. 4 and I.O.P. 10.6.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a term of imprisonment, in an action often referred to as "compassionate release," if a prisoner demonstrates that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Similarly, a district court may reduce a term of imprisonment under 18 U.S.C. 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. 3582(c)(2). In both cases, a district court must consider the factors presented in 18 U.S.C. 3553(a).

We perceive no abuse of discretion in the District Court's denial of Paolucci's motion. As it correctly concluded, Paolucci failed to present an extraordinary and compelling reason for compassionate release, which typically relates to medical circumstances, age, family circumstances, or history as a victim of sexual or physical abuse suffered while in prison. See U.S.S.G. § 1B1.13. Although there is a catchall category such that another issue can amount to an extraordinary and compelling reason for compassionate release if it is "similar in gravity" to the above-mentioned reasons, Paolucci failed to present such an issue. Instead, he pointed to his First Step Act time

3

credits, the existence of COVID-19, his plan for reentering society, and an application of the § 3553(a) factors to his case. None of these equates to an extraordinary and compelling reason for compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); Andrews, 12 F.4th at 262. For this reason, he failed to satisfy the requirements for sentence reduction under § 3582(c)(1)(A).

Likewise, we find no fault with the District Court's discretionary decision to deny relief under § 3582(c)(2). Although Paolucci was eligible to be considered for a two-level reduction in his offense level as a "Zero Point Offender" under the 2023 Criminal History Amendments to the Sentencing Guidelines, the District Court concluded that relief was inappropriate in light of the § 3553(a) factors, specifically the circumstances of Paolucci's crimes as a leader in a very sophisticated fraud scheme that resulted in innocent victims collectively losing at least $25 million. See United States v. Styer, 573 F.3d 151, 154–55 (3d Cir. 2009).

In his appeal, Paolucci does not present a substantial question. Accordingly, we grant the Government's motion, and will summarily affirm the District Court's judgment.[1]

---

[1] Although a briefing schedule was not issued, Paolucci has already filed his opening brief and we have considered the arguments that he has presented in it.